THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATLE

| | |
|---|---|
| LEO'S WELDING and FABRICATION, LLC, a Washington limited liability company<br><br>Plaintiff,<br><br>v.<br><br>HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo appurtenances, *in rem* and SAYAK LOGISTICS, LLC, a Alaska limited liability company dba NORTHLINE SEAFOODS *in personam*;<br><br>Defendants. | IN ADMIRALTY<br><br>NO. 2:25-cv-00625 MLP<br><br>MOTION TO APPOINT SUBSTITUTE CUSTODIAN<br><br>NOTE ON MOTION CALENDAR:<br>April 25, 2025 |

Plaintiff Leo's Welding and Fabrication, LLC , by and through counsel of record, in accordance with Local Admiralty Rule 135, requests that this Court issue an Order appointing Marine Lenders Services, LLC as the substitute custodian for the defendant vessel HANNAH, Official No. 1067457 ("Vessel"). This motion is supported by the declaration of Buck Fowler Jr. of Marine Lenders Services, LLC ("Marine Lenders") and the applicable law.

MOTION TO APPOINT SUBSTITUTE
CUSTODIAN -1
Case No. 2:25-cv-00625 LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

1. Plaintiff filed its Verified Complaint on April 8, 2025, seeking to enforce a maritime lien against the Vessel.

2. Plaintiff is filing a companion motion to have the clerk issue a warrant for arrest of the Vessel and anticipates the Court will enter an Order directing the U.S. Marshall to arrest and take the Vessel into custody until released or sold, or further order of the Court.

3. Local Admiralty Rule 135(b) provides that upon the marshal taking a vessel into custody, any party may move for an order appointing a substitute custodian for the vessel.

4. Marine Lenders, with offices at 5350 30th Avenue NW, Seattle, Washington has served as the U.S. Marshal's substitute custodian for vessels under arrest in this District. The managing member of Marine Lenders, Buck Fowler, Jr., has experience as a vessel owner, operator, and broker. He is also familiar with the Vessel, at least to the extent of her size, type, construction material, and apparent condition.

5. Marine Lenders is not a party to this action and has no interest in the outcome of this action in which the defendant Vessel will be under arrest.

6. Marine Lenders is the beneficiary of a Marine General Insurance Policy issued by Travelers Insurance with limits of $2,000,000 for damage sustained by third parties due to negligence committed during said custody. In addition, plaintiff agrees to hold harmless and indemnify the United States and the marshal from all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

7. Marine Lenders will perform the normal and customary custodial services for the Vessel, as described below and with particularity in the declaration of Buck Fowler, Jr.

8. Marine Lenders services will include attending mooring lines, bilge pumping as necessary, and providing locks and security, and guarding during their custodianship at a charge of $2,500 for the first 10 days and $600 / day thereafter. An additional fee of $1,146 per month will be charged for substitute custodian legal liability insurance. For the arrest, consulting and making an inventory of the vessel, it will bill at $290 / hour. For securing the vessel, it will bill

MOTION TO APPOINT SUBSTITUTE CUSTODIAN -2
Case No. 2:25-cv-00625 LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

at $290 / hour plus materials and expenses. If not paid directly by one of the parties, Marine Lenders will charge moorage at the rate currently charged at its present location. The total charge for said services will be less than those charged by the marshal for providing such services through professional keepers.

9. Marine Lenders will provide these services and keep the vessel secured at its current location at the Fairhaven Shipyard, 201 Harris Avenue, Bellingham, Washington, unless it is determined that the Vessel should be moved to safeguard and protect the Vessel, or to minimize expenses and/or maximize the sale price of the Vessel. After filing the Verified Complaint, the vessel was relocated from the Bellingham Shipping Terminal to its current location. If movement is necessary, Marine Lenders has access to adequate facilities and supervision for the Vessel. In the event the Vessel needs to be moved, Marine Lenders will notify the U.S. Marshal's office prior to movement and when it has been secured.

10. Marine Lenders anticipates that the Vessel's crew members shall be allowed to remain on board and continue to operate and maintain all ship systems pending further order of this court. Furthermore, with plaintiff's approval, Marine Lenders may permit the Vessel to conduct normal operations while under custodianship, including fueling, loading, discharging, cargo handling, repairs, and vessel movement with the District, but at the risk and expense of the vessel's interest. Marine Lenders shall notify the office of the marshal prior to engaging in any such loading and vessel movement and again upon completion of such activity.

11. The marshal shall review and endorse the proposed order appointing Marine Lenders substitute custodian before this Court issues its Order.

WHEREFORE, the plaintiff requests that an Order issue:

1. Authorizing the U.S. Marshal upon arrest of the Vessel, to surrender possession to

MOTION TO APPOINT SUBSTITUTE
CUSTODIAN -3
Case No. 2:25-cv-00625 LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

Marine Lenders Services, LLC, and upon such surrender the Marshall shall be discharged from its duties and responsibilities for the safekeeping of the Vessel and held harmless from all claims arising under this substituted custodianship.

2. Appoint Marine Lenders Services, LLC as substitute custodian of the Vessel and authorize the substitute custodian to secure the Vessel in its custody for possession and safekeeping, until her sale, release, or further Order of this Court.

3. Such other provisions as set forth in Local Admiralty Rule 135

DATED  24th day of April 2025.

ZUANICH LAW, PLLC

By: /s/ Brian C. Zuanich
    /s/ Robert Zuanich

Brian C. Zuanich, WSBA, #43877
Robert Zuanich,   WSBA,  #9581
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206.829.84
Email: brian@zuanichlaw.com
       rpz@zuanichlaw.com
Attorneys for Plaintiff

MOTION TO APPOINT SUBSTITUTE
CUSTODIAN -4
Case No. 2:25-cv-00625 LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATLE

| | |
|---|---|
| LEO'S WELDING and FABRICATION, LLC, a Washington limited liability company<br><br>Plaintiff,<br><br>v.<br><br>HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo appurtenances, *in rem* and SAYAK LOGISTICS, LLC, a Alaska limited liability company dba NORTHLINE SEAFOODS *in personam*;<br><br>Defendants. | IN ADMIRALTY<br><br>NO. 2:25-cv-00625 LK<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT SUBSTITUTE CUSTODIAN |

Before the Court is Plaintiff's "Motion to Appoint Substitute Custodian." The Court has considered the motion, the declaration of Buck Fowler Jr. in support of the motion, the balance of the case file, and the applicable law. Being fully advised, the Court FINDS as follows:

1. Defendant vessel, HANNAH, Official Number 1067457, has been or will be arrested by the U.S. Marshal.

2. According to plaintiff, the vessel is currently moored at the Fairhaven Shipyard, 201 Harris Avenue, Bellingham, Washington.

ORDER GRANTING PLAINTIFF'S MOTION TO
APPOINT SUBSTITUTE CUSTODIAN -1
Case No. 2:25-cv-00625 LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

3. If the vessel needs to be relocated for safekeeping after arrest and while under the proposed custodian's care, the custodian will move it to a secure location within the District that has adequate facilities and supervision to ensure the vessel remains safe.

4. The fees and expenses to be charged by the proposed custodian for moorage will be less than the cost of leaving the property in the custody of the marshal.

5. The proposed custodian has declared that they have no interest in the outcome of this action in which the vessel is or will be under arrest.

6. The vessel will not be moved and no person except the appointed substitute custodian will be allowed to enter on the vessel except as necessary to transfer the vessel to alternate facilities for safekeeping and except as necessary to adequately safekeep and protect the vessel, except as may be expressly ordered by the court.

7. The crew members shall be allowed to remain on board the vessel and continue to operate and maintain all ship systems pending further order of this court.

8. The proposed substitute custodian, with plaintiff's approval, may permit the vessel to conduct normal operations while under custodianship, including fueling, loading, discharging, cargo handling, repairs, and vessel movement within the District, but at the risk and expense of the vessel's interest. The proposed substitute custodian shall ensure that the operations of the vessel conducted are normal port operations, *i.e.,* normal cargo operations, both discharging and loading, repair work, fueling, and vessel movement, and that the vessel always remains within the waters of the District, unless otherwise ordered by the Court. The proposed substitute custodian shall notify the office of the marshal prior to engaging in any such loading and vessel movement and again upon completion of such activity.

9. The plaintiff has provided evidence that it has obtained insurance coverage

ORDER GRANTING PLAINTIFF'S MOTION TO
APPOINT SUBSTITUTE CUSTODIAN -2
Case No. 2:25-cv-00625 LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

required by the applicable Local Admiralty Rules.

10. Plaintiff agrees to release the United States and the marshal from any and all liability and responsibility arising out of the care and custody of the vessel, from the time the marshal transfers possession of the vessel to the substitute custodian until the vessel is released or sold, and agrees to hold harmless and indemnify the United States and marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

11. The proposed substitute custodian, Marine Lenders Services, LLC, accepted appointment as substitute custodian and possession of the vessel and declared that they will safely keep the vessel for the duration of the appointment as substitute custodian.

12. The marshal has reviewed and endorsed the proposed order appointing substitute custodian before this Court issued its Order.

For these reasons, Plaintiff's motion is GRANTED. Marine Lender Services, LLC is hereby appointed as substitute custodian of defendant vessel HANNAH until further order of this court.

Dated this _____ day of April, 2025.

_____
Lauren King
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO
APPOINT SUBSTITUTE CUSTODIAN -3
Case No. 2:25-cv-00625 LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415