UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEO'S WELDING AND FABRICATION LLC, | CASE NO. 2:25-cv-00625-LK |
| Plaintiff, | ORDER DENYING MOTION AUTHORIZING WARRANT FOR ARREST OF VESSEL AND MOTION TO APPOINT SUBSTITUTE CUSTODIAN |
| v. | |
| P/V HANNAH et al., | |
| Defendants. | |

This matter comes before the Court on the Motions to Issue Warrant for Arrest of Vessel and to Appoint Substitute Custodian by Plaintiff Leo's Welding and Fabrication, LLC ("Leo's Welding"). Dkt. Nos. 11, 12. Leo's Welding requests that the Court "authorize the clerk to issue a Warrant for Arrest of [the] defendant vessel," the P/V HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo, and appurtenances (the "Vessel"), Dkt. No. 11 at 1–2, and appoint Marine Lenders Services, LLC as substitute custodian for the Vessel. Dkt. No. 12 at 1.

An *in rem* action may be brought "[t]o enforce any maritime lien" or "[w]henever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto." Fed.

R. Civ. P. Supp. Adm. & Mar. Cl. R. C(1). "To commence an action *in rem* against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)). If, after reviewing a complaint and any supporting papers, the Court determines that the conditions for an *in rem* action appear to exist, it "must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)(i).

Leo's Welding meets all but one of these requirements. It "alleges a cause of action *in rem* to enforce a maritime lien," *Sterling Sav. Bank v. Vessel Imagine*, No. C 13-2499 RS, 2013 WL 3354416, at *2 (N.D. Cal. June 27, 2013), and attaches to the complaint the lien recorded by the Coast Guard on December 17, 2024. Dkt. No. 1 at 1, 3; Dkt. No. 1-3. Its complaint is verified by Leonardo Estrada, a member and authorized representative of Leo's Welding. Dkt. No. 1 at 6. Leo's Welding further states that the Vessel was located in this district in Bellingham, Washington, at the time this complaint was filed, Dkt. No. 1 at 2, and continues to be located in the district, Dkt. No. 11 at 2; thus, the vessel "'is within the district' or will be so 'while the action is pending.'" *See Barnes*, 889 F.3d at 529 (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)).

But Leo's Welding fails to "describe with reasonable particularity the property that is the subject of the action." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)(b). The complaint describes the Vessel as the "P/V HANNAH, Official Number 1067457, . . . a vessel duly documented under the laws of the United States and owned by *in personam* defendant Sayak Logistics, LLC." Dkt. No. 1 at 2. More information is needed. *See* 8 Benedict on Admiralty § 23.08 ("If the property is a blue-water ship having a name and home port, stating those should suffice. Inland waters craft are often identified by name, official number, length, breadth, draft, and tonnage. If the property

is a fiberglass cruiser laid up for the winter in a boatyard, more details are needed in order to provide 'reasonable particularity' for the U.S. marshal to sort out the *Firefly* from two dozen similar ships."); *see also, e.g.*, *Peoples Bank v. Norcoaster*, No. 2:22-CV-00127-RAJ, 2022 WL 800903, at *1 (W.D. Wash. Feb. 4, 2022) (finding allegation of just the defendant vessel's name, official number, and ownership insufficient to meet the reasonable particularity standard); *cf. Shelter Cove Marina, Ltd. v. M/Y Isabella*, No. 19-CV-1106, 2019 WL 2524992, at *3 (S.D. Cal. June 18, 2019) ("Shelter Cove's Verified Complaint reasonably describes the vessel—an 81.6-foot, 1952 motor yacht of steel construction which is documented with the United States Coast Guard under Official Number 1192004[.]"); *Sterling Sav. Bank v. Vessel Imagine*, No. 13-CV-2499, 2013 WL 3354416, at *2 (N.D. Cal. June 27, 2013) (finding allegation "that Defendant Imagine, Hull ID 1YD70139A910, at 2010 Destination 70' Yacht, Official Number 1222594 . . . is a custom houseboat located at Cruiser Haven Marina in Discovery Bay, California" to be sufficient to issue warrant for arrest).

For the foregoing reasons, the Court DENIES the Motion to Issue Warrant for Arrest of Vessel. Dkt. No. 11. The Court also DENIES the Motion to Appoint Substitute Custodian as moot. Dkt. No. 12. The Court does so without prejudice to the refiling of either motion.

Dated this 28th day of April, 2025.

Lauren King
United States District Judge