THE HONORABLE LAUREN KING

UNITED STATES OF DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

LEO'S WELDING and FABRICATION, LLC, a Washington limited liability company

Plaintiffs,

v.

HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo appurtenances, *in rem* and SAYAK LOGISTICS, LLC, an Alaska limited liability company dba NORTHLINE SEAFOODS *in personam*

Defendants.

Case No. 2:25-cv-00625 LK

**DEFENDANT'S OPPOSITION TO MOTION FOR ARREST**

## I.    OPPOSITION

Defendant Sayak Logistics, LLC d.b.a. Northline Seafoods ("Sayak") hereby opposes Plaintiff's Motion to issuance of a warrant for arrest of the vessel HANNAH, Official Number 1067457 ("Vessel"). DKT #15. Pursuant to Supplemental Admiralty Rule E4(b), Sayak proposes that the Vessel not be arrested, but instead made subject to alternative arrangements, as arrest is impracticable under present circumstances.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

## II.    <u>STATEMENT OF FACTS</u>

The Vessel is a large floating barge, 400 feet long and 100 feet wide, which Sayak has converted to a platform for freezing large quantities of salmon by adding complex and expensive machinery.[1] Plaintiff Leo's Welding and Fabrication, Inc. ("Leo's") participated in the conversion of the Vessel before the 2024 season.[2]

The Vessel acquisition and conversion work was financed with a $40 million loan that is secured by a ship mortgage on the Vessel – which has priority over the lien claims of Leo's and other unpaid vendors.[3]

The Vessel was designed for use exclusively in the annual Bristol Bay salmon season in Alaska, and had its first season in 2024.[4]  The Bristol Bay fishing season starts in late June or early July and is usually completed by late July or early August.[5] Sayak's business plan is to keep the Vessel in Bellingham when not in Alaska, towing it north before the season, and then back to Bellingham when the season ends.[6]

The Vessel had a fire on board last summer, which impacted its ability to operate, and some financial reverses were suffered.[7]  Leo's was not fully paid, along with other vendors.[8]  Sayak has reached accommodations with most vendors except Leo's, and the

---

[1] Declaration of Benjamin Blakey at ¶ 4-6.

[2] *Id*. at ¶ 11.

[3] *Id*. at ¶ 8.

[4] *Id*. at ¶ 9.

[5] *Id*.

[6] *Id*. at ¶ 10.

[7] *Id*. at ¶ 12.

[8] *Id*. at ¶ 13.

DEFENDANT'S OPPOSITION TO MOTION FOR ARREST - 2
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

Vessel is being readied for service in a few months when this year's Bristol Bay salmon season begins.[9]  The amount owed to Leo's is in dispute.[10]

## III.    AUTHORITY AND ARGUMENT

### A.    Opposition to Motion for Arrest

Sayak is placed in a very difficult position by Leo's motion for arrest. The timing of the present action and potential arrest implicates Sayak's plans for the Vessel this year, as the Vessel is presently being readied for service and needs to be underway in the next four to six weeks to be ready for the upcoming season.[11] Its impact on the Vessel's ability to operate will be severe and potentially fatal.

The law allows for the arrest of a vessel on a limited showing by the plaintiff. Supp. Adm. Rule C(3)(a)(i). The harsh effect of this rule is mitigated by allowing an interested party to have a prompt hearing pursuant to Supp. Adm. Rule C(4)(f). Under the Local Admiralty Rules, the hearing must be held within five days. LAR 116(b).

Additionally, Supp. Adm. Rule C(5)(a) provides for the posting of a special bond to secure the plaintiff's claims and either staying arrest or releasing the Vessel from arrest.

Denying Leo's present Motion for Arrest will cause no harm to Leo's and will avoid the tremendous disruption an arrest will cause to Sayak's business, as: (1) the Vessel needs a significant skilled staff on board at all times to keep the Vessel's machinery and equipment properly serviced, monitored and maintained;[12] (2) there is no

---

[9] *Id.*

[10] *Id.*

[11] *Id.* at ¶ 14.

[12] *Id.* at ¶ 16-20.

DEFENDANT'S OPPOSITION TO MOTION FOR ARREST - 3
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

1. time to allow for disruptions or delays and still make this year's season;[13] and (3)

2. properly trained and experienced personnel are essential to this work.[14]

3.  The Vessel is being prepared for the 2025 Bristol Bay salmon season in Alaska

4. and needs to begin its journey north in about one month.[15]  Sayak currently has 30

5. employees and 11 contractors working aboard the Vessel getting ready it for the

6. upcoming salmon season.[16]  Additionally, there are operating and mechanical systems on

7. board requiring constant monitoring and work of skilled personnel to preserve and

8. maintain the Vessel's operating capacity.[17] Any disruption to those preparations poses a

9. very serious risk to the Vessel's equipment and the economic prospects for Sayak and the

10. dozens of employees and contractors whose work depends on the success of the venture,

11. and the employees who are scheduled to work aboard the vessel in Alaska.[18]

12.  Ian Blackburn is Sayak's insurance broker.[19]  He has placed hull insurance on the

13. Vessel of $75 million.[20]  This protects against loss or damage to the Vessel.[21]  The

14. insurance policy has a "change of control" condition that an arrest may be determined by

15. underwriters to constitute a defense to insurance coverage of the Vessel.[22] If the Vessel is

16. arrested, then it is likely that all of Sayak's insurance policies for the Vessel will be

17.

18.

---

19. [13] *Id*. at ¶ 21.

20. [14] *Id*. at ¶ 16-20.

    [15] Blakey Declaration at ¶ 15.

21. [16] *Id*. at ¶ 16.

22. [17] *Id*.

    [18] *Id*. at ¶ 17, 23.

23. [19] Declaration of Ian Blackburn at ¶ 1.

24. [20] *Id*. at ¶ 3.

25. [21] *Id*. at ¶ 4.

    [22] *Id*. at ¶ 5.

26.

DEFENDANT'S OPPOSITION TO MOTION FOR ARREST - 4
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

voided.[23] It required over six months of effort to secure the Vessel's current policies, and if the Vessel's policies are voided, then the Vessel will be uninsured until new policies can be can secured.[24] Obtaining new coverage is likely to be a slow process, as, in Mr. Blackburn's significant experience, very few underwriters have any appetite to insure a vessel under arrest, and, to the extent insurance is found, it will be at a significantly increased premium.[25] In short, placing the Vessel under arrest may lead to a determination by the Vessel's hull underwriters that a change of control has occurred with the arrest, thereby voiding the insurance coverage, leaving Sayak with no insurance for the Vessel, and therefore no recourse in the event of a loss.[26]

Leo's right to security for its claims is not contested by Sayak; the Supp. Adm. Rules make it clear that it has that right.  However, in this instance, postponing arrest of the Vessel for a short period will do no harm to Leo's.  The Vessel is large and has no motive power of its own.[27]  Its only intended service is in the Bristol Bay salmon season.[28]  It remains in the possession of Sayak and is going nowhere for the next several weeks.[29]  If the Court orders Sayak to keep the Vessel in Bellingham and not leave the District, Leo's interest in security for its lien will be preserved, Sayak can continue its work on the Vessel, preserve its insurance coverage, and have an opportunity to obtain alternate collateral as contemplated by Supp. Adm. Rule C(5)(a).[30]

---

[23] *Id*. at ¶ 6.

[24] *Id*. at ¶ 7.

[25] *Id*. at ¶ 8.

[26] *Id*. at ¶ 6-8.

[27] Blakey Declaration at ¶ 4.

[28] *Id*. at ¶ 8-9.

[29] *Id*. at ¶ 22.

[30] *See generally*, Blakey Declaration.

DEFENDANT'S OPPOSITION TO MOTION FOR ARREST - 5
Case No. 2:25-cv-00625-LK

For these reasons, Sayak opposes the Motion for arrest to avoid disruptions to the Vessel preparation that would inevitably follow arrest, as in normal circumstances everyone is removed from the Vessel. Local Admiralty Rule 135(b)(5). If arrest is authorized, in the alternative, Sayak requests the Court order that Sayak be allowed to remain in possession of the Vessel to continue its preparations, to preserve its insurance coverage, which will be placed in jeopardy by an arrest, and to attend to all of the myriad things that are necessary to avoid loss, damage, and deterioration of the Vessel.

All of these issues counsel against arrest of the Vessel without a more substantial showing of adequate insurance and capacity to maintain the Vessel. If the Vessel is arrested, it will be incumbent upon the Marshal to ensure that adequate provision can be made to protect and preserve the Vessel and its machinery and equipment.

**B.    Request for Alternative Arrangements**

Although rarely invoked, Supplemental Admiralty Rule E 4(b) provides a way to protect the lien claimant when an arrest is impracticable:

> If the character or situation of the property is such that the taking of actual possession is impracticable, the marshal or other person executing the process shall affix a copy thereof to the property in a conspicuous place and leave a copy of the complaint and process with the person having possession or the person's agent.

This provision is effectuated by Supplemental Admiralty Rule E(10), and is barely cited in the case law, but see *FE Partners, LLC v. Chesapeake Boat Works, LLC*, 2017 WL 11743726 (E.D. Va. 2017).

The Vessel is an unpowered barge, designed for one thing only- to freeze salmon in Alaska.  It cannot be hidden nor make an escape to international waters.  Sayak has appeared in this action and will abide by whatever rulings the Court makes in this matter. Sayak proposes that the Court order the Vessel to remain where it now lies until further

DEFENDANT'S OPPOSITION TO MOTION FOR ARREST - 6
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

order of the Court and that Sayak remain in possession of the Vessel, preserving its hull insurance policy and allowing it to continue to work on the Vessel and maintain its systems.

Supplemental Admiralty Rule E(5)(a) provides for posting a special bond to stay execution of in rem process as is sought by Leo's in this action. Since the filing of the complaint, Sayak has been working on obtaining such a bond. Because the arrest of the Vessel has such serious ramifications for Sayak, and because the Vessel is going nowhere for a month, Sayak asks the Court to stay execution of the warrant for arrest for fifteen days while it obtains a special bond that meets the requirements of the Rule.

Because the Vessel is subject to a $40 million preferred marine mortgage in favor of Sayak's lender, and because that mortgage was recorded prior to the time that Leo's lien arose, the mortgage has priority over the lien claims of Leo's under 46 USC Section 31326. If the Vessel is unable to return to service, it is very likely that the lender will intervene in this action and foreclose its mortgage, wiping out Leo's lien and any others that do not predate the filing of the mortgage.

## IV.    CONCLUSION

Sayak understands that this Court's Order Denying Motion Authorizing Warrant for Arrest of Vessel and Motion to Appoint Substitute Custodian, DKT #13, has rendered Plaintiff's previously filed Motion to Appoint Substitute Custodian moot. DKT #12. Nevertheless, Plaintiff's re-filed Motion for Arrest, DKT #15, makes references to its previously filed Motion to Appoint Substitute Custodian as if it properly before this Court. If Plaintiff re-files a Motion to Appoint Substitute Custodian, Sayak will file an opposition.

For these reasons, Sayak respectfully asks that the Court stay the Motion for issuance of a warrant for arrest of the Vessel for fifteen days.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

DATED this 29th day of April, 2025.

HOLMES WEDDLE & BARCOTT, P.C.

*/s/ Michael A. Barcott*
Michael A. Barcott, WSBA #13317

*/s/ John E. Casperson*
John E. Casperson, WSBA #14292

*/s/ Daniel P. Barcott*
Daniel P. Barcott, WSBA #50282
3101 Western Ave, Suite 500
Seattle, WA 98121
Phone: 206.292.8008
Email: mbarcott@hwb-law.com
         jcasperson@hwb-law.com
         dbarcott@hwb-law.com
Attorneys for Defendant Sayak Logistics,
LLC d.b.a. Northline Seafoods

I certify that this memorandum contains
1750 words, in compliance with the Local
Civil Rules.

DEFENDANT'S OPPOSITION TO MOTION FOR ARREST - 8
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury
of the laws of the State of Washington that, on the
29th day of April 2025, the foregoing was electronically
filed with the Clerk of Court using the CM/ECF system,
which will send notification of such filing to the following:

Attorneys for Plaintiff:
Brian C. Zuanich, WSBA #43877 - brian@zuanichlaw.com
Robert Zuanich, WSBA #9581- rpz@zuanichlaw.com
Zuanich Law PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101

_____
Holly Mote

DEFENDANT'S OPPOSITION TO MOTION FOR ARREST - 9
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289