UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEO'S WELDING AND FABRICATION LLC, <br><br> Plaintiff, <br><br> v. <br><br> P/V HANNAH et al., <br><br> Defendants. | CASE NO. 2:25-cv-00625-LK <br><br> ORDER AUTHORIZING ARREST OF VESSEL |

This matter comes before the Court on the Amended Motion to Issue Warrant for Arrest of Vessel by Plaintiff Leo's Welding and Fabrication, LLC ("Leo's Welding"). Dkt. No. 15. Leo's Welding requests that the Court "authorize the clerk to issue a Warrant for Arrest of [the] defendant vessel," the P/V HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo, and appurtenances (the "Vessel"). *Id.* at 1–2. The Court previously denied Leo's Welding's earlier motion for a warrant authorizing the Vessel's arrest due to its failure to describe the Vessel with reasonable particularity. Dkt. No. 13 at 2–3. Leo's Welding amended its complaint to address this deficiency following the Court's denial. Dkt. No. 14 at 2.

ORDER AUTHORIZING ARREST OF VESSEL - 1

1        An *in rem* action may be brought "[t]o enforce any maritime lien" or "[w]henever a statute of the United States provides for a maritime action *in rem* or a proceeding analogous thereto." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(1). "To commence an action *in rem* against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)). "If the conditions for an *in rem* action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)(i). In making this determination, the Court's task is to ask whether plaintiff has made a "prima facie showing that the plaintiff has an action *in rem* against the defendant in the amount sued for and that the property is within the district." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C Advisory Committee's Note (1985).

       Leo's Welding has now satisfied all of these requirements. First, its amended complaint is verified by Leonardo Estrada, a member and authorized representative of Leo's Welding. Dkt. No. 14 at 6. Second, it alleges that the Vessel was located in Bellingham, Washington, at the time the amended complaint was filed, Dkt. No. 14 at 2, and its motion indicates that the Vessel continues to be located in the district, Dkt. No. 15 at 2; as such, the vessel "'is within the district' or will be so 'while the action is pending,'" *see Barnes*, 889 F.3d at 529 (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)). Third, Leo's Welding describes the Vessel with reasonable particularity:

> According to the USCG Certificate of Documentation, the Vessel is steel construction and has no mechanical propulsion. The Vessel is 379.8 feet in length, 100 feet in breadth, and 21.5 feet in depth. The Vessel has a gross tonnage of 14,128 (ITC) and a net tonnage of 5,119 (ITC). The primary operational endorsements listed on the Certificate of Documentation are Fishery, Registry and Coastwise. The Vessel's International Maritime Organization (IMO) is 294 and Official No. 1067457. The Vessel's hailing port is Dillingham, Alaska.

ORDER AUTHORIZING ARREST OF VESSEL - 2

Dkt. No. 14 at 2; *see also, e.g.*, *Shelter Cove Marina, Ltd. v. M/Y Isabella*, No. 19-CV-1106, 2019 WL 2524992, at *3 (S.D. Cal. June 18, 2019) ("Shelter Cove's Verified Complaint reasonably describes the vessel—an 81.6-foot, 1952 motor yacht of steel construction which is documented with the United States Coast Guard under Official Number 1192004[.]"); *Sterling Sav. Bank v. Vessel Imagine*, No. C 13-2499 RS, 2013 WL 3354416, at *2 (N.D. Cal. June 27, 2013) (finding allegation "that Defendant Imagine, Hull ID 1YD70139A910, at 2010 Destination 70' Yacht, Official Number 1222594 . . . is a custom houseboat located at Cruiser Haven Marina in Discovery Bay, California" to be sufficient to issue warrant for arrest). Finally, Leo's Welding has made a prima facie showing that it has an action *in rem* against the Vessel in the amount sued for. It alleges that in October 2023, it contracted with Sayak Logistics LLC, the owner of the Vessel, to provide certain necessaries for the Vessel in preparation for the 2024 Bristol Bay salmon season, including "machinery, fabrication, [and] engine room and upper deck piping," at a cost of $852,748. Dkt. No. 14 at 2.[1] After Leo's Welding completed the contracted services, Sayak Logistics "made multiple requests for additional services, which Leo's Welding invoiced on a time and material basis." *Id.* at 2–3. All services "were performed by individuals possessing the skills and experience to perform the work requested" by persons authorized by Sayak Logistics, and the charges under the contract and subsequent invoices "were reasonable[.]" *Id.* at 3. Ultimately, Leo's Welding's additional separate invoices totaled $1,969,622, but Sayak Logistics has failed to pay a significant portion of the amounts owing; in December 2024, Leo's Welding "filed a Notice of Claim of Maritime Lien for machinery and necessaries in the amount of $1,233,269.14, which the Coast Guard recorded on December 17, 2024." *Id.* As of March 27, 2025, the balance owing is

---

[1] Leo's Welding states in its amended complaint that several relevant documents, including this contract and a claim of maritime lien recorded by the Coast Guard on December 17, 2024, are attached to the complaint. *Id.* at 2–3. However, no exhibits are attached to the amended complaint.

ORDER AUTHORIZING ARREST OF VESSEL - 3

$1,287,871, including $182,884 in late charges and interest. *Id.* These allegations adequately state a claim for a maritime lien under the Federal Maritime Act. 46 U.S.C. § 31342(a); *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 917 (9th Cir. 2002) ("If a plaintiff demonstrates that he (1) provided necessaries (2) to a vessel (3) on the order of the owner or a person authorized by the owner, then he may bring a civil action in rem to a federal district court sitting in admiralty.").

As such, the Court finds that the conditions set forth in Supplemental Admiralty Rule C for issuance of a warrant for arrest appear to be satisfied. Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)(i). Defendant Sayak Logistics' arguments that vessel arrest is "impracticable" because it would imperil the Vessel's insurance coverage and its ability to participate in this year's Bristol Bay salmon season, thereby potentially eliminating Sayak Logistics' ability to earn money to repay Leo's Welding, are unavailing. Dkt. No. 20 at 1–5. Indeed, Sayak Logistics does not contest "Leo's right to security for its claims," conceding that the Supplemental Admiralty Rules "make it clear that it has that right." *Id.* at 4. Although Sayak Logistics' practical concerns appear to be valid, Rule C(3)(a)(i) mandates that the Court "must" issue an order directing the clerk to issue a warrant for the arrest of the vessel where—as here—the conditions for an in rem action appear to exist. Furthermore, Rule E's provisions allowing for posting of a bond to protect the lien claimant when arrest is "impracticable" do not apply here: "impracticable" is not the same thing as "impractical." *Compare Impracticable*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/impracticable (last visited April 30, 2025) ("not practicable: incapable of being performed or accomplished by the means employed or at command"), *with Impractical*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/impractical (last visited April 30, 2025) ("not practical: such as . . . not wise to put into or keep in practice or effect"). Furthermore, as the Second Circuit has held, "Supplemental Admiralty Rule E(4)(b) does

not excuse Rule D's arrest requirement; rather it merely informs its application" in the event that the taking of actual possession of the *res* is impracticable. *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 68–69 (2d Cir. 1998). The Court is therefore without discretion to refuse to issue a warrant. *United States v. Device More or Less Labeled Theramatic*, 641 F.2d 1289, 1293 (9th Cir. 1981) (citing 7A Moore's Federal Practice P C.12, at 682). Nevertheless, the Court will order the parties to meet and confer in good faith prior to the hearing on the vessel arrest to ascertain whether agreement can be reached regarding some (or all) of Sayak Logistics' proposals.

The Court accordingly ORDERS as follows:

1. The Clerk shall issue a warrant for the arrest of the defendant vessel, the P/V HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo, and appurtenances (the "Vessel"), which arrest shall take place at the Fairhaven Shipyard, 201 Harris Avenue, Bellingham, Washington[2];

2. A copy of the Verified Amended Complaint, this Order, and the warrant shall be served upon the Vessel;

3. The Court will schedule a prompt hearing at which any person claiming an interest in the Vessel shall be entitled to an order vacating the arrest forthwith and granting other appropriate relief unless Leo's Welding shows at the hearing why such an order should not be granted, LAR 116(b); and

4. Prior to the hearing, the parties must meaningfully meet and confer in good faith to ascertain whether agreement can be reached regarding some (or all) the proposals

---

[2] As Leo's Welding notes in its Motion to Issue Warrant for Arrest of Vessel, the Vessel was at the time of the filing of the original complaint located at the Bellingham Shipping Terminal, 661 Cornwall Avenue, Bellingham, Washington; and is now located at the Fairhaven Shipyard, 201 Harris Avenue, Bellingham, Washington. Dkt. No. 15 at 2. As such, the Clerk is directed to issue a warrant for arrest at the updated Fairhaven Shipyard address.

in Sayak Logistics' opposition brief, Dkt. No. 20, and must file a Joint Status Report with the Court addressing what (if anything) they accomplished during their meet and confer.

Dated this 30th day of April, 2025.

*Lauren King*

Lauren King
United States District Judge

ORDER AUTHORIZING ARREST OF VESSEL - 6