THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEO'S WELDING and FABRICATION, LLC, a Washington limited liability company<br><br>                    Plaintiff,<br>     v.<br><br>HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo appurtenances, *in rem* and SAYAK LOGISTICS, LLC, a Alaska limited liability company dba NORTHLINE SEAFOODS *in personam*;<br><br>                    Defendants. | IN ADMIRALTY<br><br>NO. 2:25-cv-00625-LK<br><br>**PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 26, 2025** |

I.     INTRODUCTION

Plaintiff Leo's Welding and Fabrication, LLC ("Leo") respectfully moves the Court pursuant to Fed. R. Civ P 56 for summary judgment against Defendants P/V HANNAH ("Vessel") and the owner of the Vessel, Sayak Logistics, LLC ("Sayak"). The undisputed facts of this case are simple: Sayak contracted Leo for Vessel services, was

PLAINTIFF LEO'S MOTION FOR SUMMARY
JUDGMENT -1
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

invoiced after completion, but breached the contract by not paying Leo in full while favoring other creditors and contractors.

## II.    BACKGROUND

### A. PROCEDURAL BACKGROUND

On April 29, 2025 Leo" filed an amended Complaint in *in rem* against the Vessel and an *in personam* action against Sayak for breach of contract. [Dkt. #14 ]. This Court ordered the arrest of the Vessel on April 30, 2025 [Dkt. #23]. On May 14, 2025, based on the parties' stipulation, this Court stayed the arrest order and approved a special bond of $1,378,000 USD as substitute security for the *in rem* claims by Leo against the Vessel. [Dkt. # 31].

### B. FACTUAL BACKGROUND

Leo is a Washington based company that provides welding and fabrication services to the commercial fishing industry and other marine related businesses. In the late summer of 2023, Benjamin Blakey ("Blakey") who was a director for Sayak, contacted Leo regarding the conversion of a 400-foot-long floating barge (Vessel) to a floating freezer plant to operate in the Bristol Bay, Alaska salmon fishery. Blakey wanted Leo to fabricate and install on the Vessel safety lines and coolant pipelines in the engine rooms and upper decks. See Estrada Decl. (filed herewith) Exhibit 1].

Leo prepared a fixed bid of $841,748 for the services. Blakey reviewed and approved the bid amount and thereafter Sayak's attorney prepared a contract. [Estrada

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -2
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

Decl. at ¶4]. Both parties signed the contract on October 25, 2023. [Dkt. #1, Exhibit 1]. The contract required Sayak to provide Leo with a detailed rejection notice of any defective workmanship or materials within sixty (60) days from completion of the services. [Dkt. #1, Exhibit 1 at page 5, ¶ 5]. The contract also required payment within 30 days, and 18% annual interest on overdue amounts plus reasonable attorneys' fees if litigation occurs. [Dkt. #1, Exhibit 1 at pages 4 ¶1(c) and page 8 ¶12(d)].

Near completion of Leo's services under the first contract, Blakey asked whether Leo could provide additional services relating to the fabrication and installation of the Vessel's exhaust systems. Leo prepared a fixed bid of $161,120 for the services, which Blakey approved.[Estrada Decl. ¶5]. Rather than prepare a new, written contract, Blakey orally proposed, and Leo agreed that Leo would provide the exhaust services for the fixed bid amount; and invoice Sayak for additional services requested on a time and materials basis with Leo's standard terms and conditions for payment. [Estrada Decl. ¶5].

The Vessel conversion was behind schedule and Blakey made additional requests over the following months right up to the Vessel's June 2024 departure to Alaska. [Estrada Decl., ¶5; Zuanich Declaration (filed herewith), Exhibit 2, Sayak Request for Admission No. 5].

Leo maintains a comprehensive protocol for preparing, approving and sending invoices to customers. Each invoice provides a clear, detailed breakdown of the cost for

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -3
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

services provided.  Leo promptly and accurately records labor and materials provided to each customer project, and has set timelines for preparing and sending invoices. [Celada Declaration (filed herewith), Exhibit 3, ¶2].

For Sayak, Leo generated invoices with the stated terms as outlined above.  If the invoice was not timely paid, follow-up invoices were sent showing any customer payments, accrued finance and collection charges, and the remaining unpaid balance. Sakak never throughout the contract period objected to or disputed the calculation of accrued interest and collection costs nor the application of payments to unpaid invoices. [Celada Decl. ¶8].

Sayak does not dispute that it received the invoices.  [Sayak RFA No. 6]  Each invoice, as updated, was shown under a single combined Customer "All Transactions" Statement, which lists each invoice, customer payments and the outstanding balance. [Celada Decl. ¶4].  Sayak does not dispute that it received the Customer Statement. [Sayak RFA No. 10;  see also Dkt 1, Exhibit 2].  Sayak does not dispute the invoices and Customer Statements are genuine business records and do not need to be authenticated for use in this motion.  [Sayak RFA No. 13].

At no time during or after completion of Leo's services did Blakey nor any other Sayak representative report that Leo provided defective workmanship and/or materials. Moreover, Sayak never disputed the time and material charges described in the invoices.  Estrada Decl. ¶6; Celada Decl. 8].  In fact, the only knowledge Leo had of any

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -4
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

objection or dispute by Sayak was the April 2025 declaration filed by Blakey in opposition to the Vessel arrest wherein he declared that the amount owed to Leo's was in dispute. [Dkt. 18, ¶13]. Even today, Sayak maintains it requires additional time to ascertain whether it reported that Leo provided defective workmanship or whether it disputed Leo's invoices. [Sayak RFA Nos. 3 & 4].

For the "first contract" Leo generated four (4) invoices for the fixed bid amount of $841,748. These invoices have a combined unpaid balance of $208,787 plus accruing interest. [Jose Celada Decl. ¶5].

For the "second contract" Leo initially generated three (3) invoices totaling the fixed bid amount of $161,120, which were paid in full. For the time and materials services, Leo generated 65 separate invoices totaling $1,791,362. These invoices have a combined unpaid balance of $896,200 plus accruing interest and collection costs. [Jose [Celada Decl. ¶5 & 6].

After Leo had completed the services under both contracts, Blakey advised Leo that Sayak did not have funds to pay. [Celada Decl. Exhibit A, page 3]   After numerous attempts to collect payment after Blakey returned from Alaska, Estrada had a face to face meeting with Blakey in October 2024 at Fish Expo in Seattle. Blakey continued to maintain that Sayak did not have funding. [Estrada Decl. ¶7].

In spring 2025, Blakey proposed that Leo accept a settlement agreement with installments payments—even though Sayak had already preferentially paid most

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -5
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

creditors and new contactors in full.  Leo declined the proposal and was told all future communications should be through Sayak's attorney.  Leo engaged counsel in April 2025  .[Estrada Decl. ¶8].

For the two contracts, Leo invoiced a combined **$2,794,230** for direct services and materials. [Celada Decl. ¶5,6 & 7].  Sayak does not dispute that it only paid Leo **$1,689,243**.  [Sayak RFA No. 11].  The unpaid balance is **$1,104,987,** plus accrued interest and collection costs of **$58,049** through August 6, 2024,  plus an additional **$161,505** through August 6, 2025. [Celada Decl. ¶9, Exhibit A, page 4].  The total unpaid balance on August 6, 2025 will be **$1,324,541**.  [Celada Decl. ¶10].

## III.    LEGAL STANDARD

Fed. R. Civ. P. 56(a) provides that summary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication.  Material facts are those which might affect the outcome of the lawsuit under the controlling substantive law.  <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 248 (1986).  It is incumbent upon the party seeking summary judgment to set forth the basis for its motion and identify those pleadings, declarations and other materials showing there is no genuine dispute of any material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

The burden then shifts to the non-moving party to put forth evidence showing specific facts exist, demonstrating a genuine issue for trial.  The mere existence

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -6
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. _Anderson_, 477 U.S. at 247-48. A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. _Anderson_ 477 U.S. 242.

## IV. DISCUSSION

### A. BREACH OF MARITIME CONTRACTS

Leo moves for summary judgment on its claims that Sayak breached the fixed bid "first" contract and the combination fixed bid and time and materials "second" contract. Contracts that relate to vessel repairs and necessary services are maritime contracts. Consequently, general maritime law controls maritime contracts. However, federal maritime law may be supplemented by non-conflicting Washington-state contract law. _See S/Y Palidor, LLC v. Platypus Marine, Inc._, 750 F. Supp. 3d 1187, 1198 (W.D. Wash 2024). In an action for breach of a maritime contract the elements are: (1) the existence of an agreement; (2) adequate performance of the contract by plaintiff; (3) breach of the contract by defendant and (4) damages. _W. Towboat C. v. Vigor Marine, LLC_, 544 F. Supp. 1100 (W. D. Wash. 2021). There is no dispute that the contracts qualify as maritime contracts and were breached by Sayak's failure to pay.

PLAINTIFF LEO'S MOTION FOR SUMMARY
JUDGMENT -7
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

A. FIRST CONTRACT

There is no dispute the contract prepared by Sayak's attorney was an accurate integration of the parties' intentions. Leo has submitted the following undisputed evidence:

- The parties made a written contract they both agreed was a complete and accurate integration of their agreement, including a fixed price or $841,748.
- Leo completed its services under the contract and Sayak did not provide notice of any defective workmanship or materials within sixty (60) days from completion of the services.
- Sayak routinely received Leo invoices stating the remaining amount due was $208,877 on July 7, 2024, plus accruing interest.

Leo is entitled to summary judgment on the basis there is no genuine issue of fact as to the amount Sayak owes under the first contract.

B. SECOND CONTRACT

"Maritime contracts must be construed like any other contracts: by their terms and consistent with the intent of the parties. Thus, basic common law contract principles, including the elements of offer, acceptance, and consideration, apply in the maritime context. *Quoting S/Y Palidor, LLC at 1199* . Oral contracts are normally held to be valid under principles of maritime law." (Quoting S/Y Palidor, LLC quoting at footnote 9 citing Second Restatement of Contracts and Kossick v. United Fruit Co.,365 U.S. 731, 734 (1961). Leo has submitted the following undisputed evidence:

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -8
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

- Leo prepared a fixed bid estimate in the amount of $161,120 relating to the fabrication and installation of the Vessel's exhaust systems. Sayak approved the estimate and upon completion of the work paid the invoice amount.

- Sayak proposed and Leo agreed to provide additional services on a time and material basis pursuant to Leo's terms and conditions of payment, which appeared on each Leo invoice.

- Sayak at no time after completion of the services objected to Leo's workmanship.

- Sayak's objection to the amount owing Leo was made for the first time in Blakey's declaration opposing arrest of the Vessel ---over ten months after completion of all services under the two contracts. Today Sayak continues to claim it requires additional time to ascertain whether it reported that Leo provided defective workmanship or whether it disputed Leo's invoices. [Sayak RFA Nos. 3 & 4].

There is no genuine dispute that Sayak and Leo made an oral contract with its terms reflected by the parties' conduct, including 1) completion of services under the "first contract", 2) Sayak's acceptance and payment of the initial fixed bid estimate, 3) Sayak's additional request for services, and 4) Leo's subsequent invoicing for completed services.

Even if Sayak could now establish a material issue of fact regarding workmanship and invoicing under the second contract, it should not be sufficient to defeat summary judgment. Sayak has never objected to Leo's workmanship; and only disputed the amount owing after litigation was commended. By not objecting in any manner within a reasonable time, Sayak agreed to the amount owing, especially given the parties previous transactions.

PLAINTIFF LEO'S MOTION FOR SUMMARY
JUDGMENT -9
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

Under Washington contract law, an "account stated" is a manifestation of assent by the parties to a stated sum owing. The assent may be applied from the circumstances and conduct of the parties, including partial and assurance of payment. And payment, without objection to the invoices or with an intent to negotiate the sum in the future establishes an account stated. See <u>Sunnyside Valley Irrigation Dist. v. Roza Irrigation Dist.</u>, 877 P.2d 1283 (Wash. 1994). "And, once an account stated is established, it becomes a new contract." *(quoting* <u>Parrott Mechanical Inc., v. Rude</u> *78 P. 3d 1026 (Wash Ct. App. 2003).*

Not only did Sayak not object in any manner to Leo's invoices, Sayak continued to request additional services. Moreover, Sayak has made no allegations of fraud, mistake or other reason to explain its failure to object. Simply put, Sayak cannot dispute the amount owing for the first time in litigation.

Leo has established as a matter of law the essential elements of the "second" contract or in the alternative of an account stated. Reasonable minds can conclude that Leo's invoices were clear, that they were intended to show the current balance due, and that Sayak did not object to any invoices before commencement of litigation. Leo is entitled to summary judgment under the second contract on the basis there is no genuine issue of fact as to the amount Sayak owes.

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -10
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

V.     CONCLUSION

The court should grant summary judgment and find that Leo is entitled to judgment in the amount of $1,104,987, plus accrued interest and collections costs in the amount of $219,554 through August 6, 2025, plus ongoing charges up to the date of this Court's order.  Leo should also be awarded reasonable attorneys' fees and costs.

VI.    PROPOSED ORDER

A proposed Order is included for this Court's consideration.

VII    CERTIFICATIONS

*I certify this motion contains fewer than 8,400 words, in compliance with the Local Civil Rules.*

*I certify pursuant to the Court's Standing Order, paragraph V (G), that I conferred with Defendants' counsel on July 12, 17, 19 and 24 and made good faith and meaningful efforts to reach a settlement of the case prior to filing this motion.*

DATED 25th day of July 2025.

ZUANICH LAW, PLLC

By: /s/ Robert. Zuanich
Robert Zuanich,   WSBA,  #9581
Brian C. Zuanich, WSBA, #43877
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206.829.84
brian@zuanichlaw.com
rpz@zuanichlaw.com

*Attorneys for Plaintiff*

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -11
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEO'S WELDING and FABRICATION, LLC, a Washington limited liability company<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo appurtenances, *in rem* and SAYAK LOGISTICS, LLC, a Alaska limited liability company dba NORTHLINE SEAFOODS *in personam*;<br><br>　　　　　　　　　Defendants. | IN ADMIRALTY<br><br>NO. 2:25-cv-00625-LK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

　　　　This matter came before the Court on the motion of Plaintiff for summary judgment under Fed. R. Civ P 56 on its claims for breach of contract against Defendants as set forth in its First Amended Complaint.  The Court has reviewed and considered the following:

　　1.　The briefing, declarations, and exhibits filed by the parties; and

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -12
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

2. The facts admitted by Defendants in their Answer to Plaintiff's Amended Complaint and Requests for Admission.

Based on its review and consideration of the foregoing, the court finds that a) Defendants contracted with Plaintiff to provide services and materials to the Vessel for the price of $2,794,230; b) Defendants paid Plaintiff $1,689,243 leaving an unpaid balance of balance $1,104,987 plus accrued interest and collection costs of $58,049 through August 6, 2024 and an additional $161,505 through August 6, 2025; c) Defendants failed to object within any reasonable manner to Plaintiff's workmanship or the amounts invoiced; and d) there is no other genuine dispute of a material fact; and 5) Plaintiff is entitled to judgment as a matter of law under Fed. R. Civ. P. 56(a).

The Court therefore **GRANTS** Plaintiff's Motion for Summary Judgment and **ORDERS** as follows:

1. Plaintiff is entitled to an award of $1,104,987 on its breach of contract claims.
2. Plaintiff is entitled to an award of $219,554 for accrued interest and collection costs as of August 6, 2025. Plaintiff must also submit a declaration with a calculation of accrued interest and collections costs owed up to the date of this order.
3. Pursuant to the contracts, Defendants must pay Plaintiff's reasonable attorney's fees and costs incurred to collect on Defendants' obligations.

PLAINTIFF LEO'S MOTION FOR SUMMARY
JUDGMENT -13
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

Plaintiff's counsel must also submit a declaration containing a breakdown of its reasonable costs and attorneys' fees.

4. Unless Defendants have a valid objection to either of these declarations, the Court will then order the clerk to enter final judgment, which will include a calculation of post-judgment interest at the rate set by 28 U.S. C. § 1961.

DATED this ____ day of _____, 2025

_____
LAUREN KING
UNITED STATES DISTRICT JUDGE

Presented by:

ZUANICH LAW, PLLC

By: */s/ Robert. Zuanich*
 Robert Zuanich,   WSBA,   #9581
 Brian C. Zuanich, WSBA, #43877
 1420 5th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206.829.84
*brian@zuanichlaw.com*
rpz@zuanichlaw.com

*Attorneys for Plaintiff*

PLAINTIFF LEO'S MOTION FOR SUMMARY JUDGMENT -14
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415