THE HONORABLE LAUREN KING

UNITED STATES OF DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LEO'S WELDING and FABRICATION, LLC, a Washington limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo appurtenances, *in rem* and SAYAK LOGISTICS, LLC, an Alaska limited liability company dba NORTHLINE SEAFOODS *in personam*<br><br>Defendants. | Case No. 2:25-cv-00625-LK<br><br>DEFENDANT SAYAK LOGISTICS, LLC' MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (FED.R.CIV.P. 6(b)) AND/OR SEEKING FED.R.CIV.P. 56(d) RELIEF<br><br>NOTE ON MOTION CALENDAR: August 15, 2025 |

## I.    INTRODUCTION

Defendant Sayak Logistics, LLC ("Sayak") respectfully asks this Court to deny Plaintiffs' Leo's Welding and Fabrication, LLC' ("Leo") Motion for Summary Judgment or, at least, to allow Sayak additional time to respond to the motion. Motion for Summary Judgment was filed on July 25, 2025, thus making Defendants' Opposition due August 14, 2025. Mid-June to mid-August are the busiest times for the Defendant as those are the only three months out of a year when the HANNAH operates in Bristol Bay, Alaska, thus

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 1
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

allowing Sayak to generate income and pay its employees and contractors, such as plaintiff Leo's Welding. As a result, the individuals with knowledge of responsive information or access to such are either on the barge or fully engaged in this short-term endeavor with no time to spare for anything else.

Moreover, the motion is premature. Sayak had no opportunity yet to conduct written discovery or depose any witnesses. In part it is due to, once again, the busy summer season. There is currently no deadline for completing discovery, as Leo has not moved to set this matter for trial on the Court's calendar.

This motion is made pursuant to Fed.R.Civ.P. 6(b), and also requests Fed.R.Civ.P. 56(d) relief. Both motions are based on the same facts and arguments.

## II. FACTUAL BACKGROUND

A. *Sayak' Business and HANNAH's Short Annual Operation*.

The barge HANNAH is a special purpose barge, 400 feet long and 100 feet wide, with no power of its own. *See* Declaration of Benjamin Blakey. The barge' home port in Bellingham, WA. *Id*. The barge spends several months a year in Bristol Bay, Alaska. Specifically, the barge is towed to Bristol Bay for the salmon season, which usually starts in June and goes into August. *Id.* The entire purpose of the barge and her operation is to receive, process and freeze salmon from various catcher vessels during the short Bristol Bay salmon season. *Id.* That is, the barge is operational only for three months a year. Those are the most essential, busy and demanding months of the year for Sayak's personnel and provide the only source of Sayak's earnings, which in turn allows it to pay employees and contractors, such as plaintiff Leo. The remainder of the time the barge is used to store frozen fish for distribution to various buyers.

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 2
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

1. This year, the barge departed Bellingham for Bristol Bay on May 26, 2025. *See* Declaration of Benjamin Blakey. The barge is expected to leave Alaska approximately August 10-15, 2025, and arrive back in Bellingham, Washington, somewhere around August 22-28, 2025. *Id*.

   B.  *Lawsuit and Discovery*.

   This lawsuit was filed on April 11, 2025. As the Court is well aware, the first few months were spent addressing issues of the barge' arrest and posting a security bond. *See*, Dockets 1-25. Indeed, currently there is no trial date nor a case schedule. Due to Sayak's busy summer schedule, Defense counsel had no opportunity to discuss this case in detail with individuals who have knowledge relevant to Sayak's defenses, because those individuals are currently either working on the barge in Alaska or are busy with the short operational season. Declaration of Svetlana Spivak. Thus, Sayak had not had an opportunity yet to serve discovery or take any depositions. Specifically, Thomas Singer, who is a Director of Vessel Operations, was the most senior engineer/construction manager who oversaw Leo's work during conversion of the HANNAH. Declaration of Benjamin Blakey. He is currently on the barge in Bristol Bay dealing with various engineering issues. He is the individual who has the most relevant information, names, communications, and other information necessary to support Sayak's defense. *Id*. Defense counsel has not yet had an opportunity to spend any time with Mr. Singer – in person or over the phone – to determine what information/documents should be requested and what depositions need to take place in discovery. Declaration of Svetlana Spivak. Defense counsel prefers conducting discovery tailored to the case and the issues, rather than asking general questions, requesting unnecessary documentation and numerous depositions. The meeting is not likely to take place until early September as the

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 3
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

HANNAH is not expected to be back in Bellingham, WA, until the second part of August. *Id.*

Leo is aware of these issues, as it granted additional time to answer its discovery because of them and was advised that Sayak will require even more time to fully respond to discovery.

C.  *Issues To Be Addressed in Discovery*.

In its Answer to the Complaint, Sayak denied that "Leo's Welding worked diligently to complete the work right up until the Vessel's departure from the Bellingham/Fairhaven Shipyard to Alaska;" that "[a]ll services provided by Leo's Welding were performed by individuals possessing the skills and experience to perform the work requested;" that "[t]he charges under the Agreement and subsequent invoices were reasonable;" and that "[a]s of March 27, 2025, the balance owing [was] $1,287,871, including $182,884 in late charges and interest…" Docket 29. These denials were made again in Sayak's responses to plaintiff's Requests for Admission:

> REQUEST FOR ADMISSION NO.3: Admit that you did not at any time report a failure by Plaintiff to provide services and materials free of defective workmanship and/or defective materials as set fourth in section 5 of the Contract.
>
> ANSWER TO REQUEST FOR ADMISSION NO.3: Objection, the request is compound and contains improper disjunctives. Objection, vague and ambiguous. *See e.g., Downey v. Trenary*, 2018 U.S.Dist.LEXIS 62003, *3-4 (W.D.Wash. 2018). Without waiving the foregoing objections, Defendant requires additional time to ascertain answers to the Request for Admission No.3.

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 4
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

REQUEST FOR ADMISSION NO.4: Admit that you did not, at any point after you received the Contract Invoices, inform Plaintiff that you disputed, or intended to dispute, any charges reflected in the Contract invoices, inform Plaintiff that you disputed, or intended to dispute, any charges reflected in the Contact Invoices.

ANSWER TO REQUEST FOR ADMISSION NO.4: Objection, the request is compound and contains improper disjunctives. Objection, vague and ambiguous. *See e.g., Downey v. Trenary*, 2018 U.S.Dist.LEXIS 62003, *3-4 (W.D.Wash. 2018). Without waiving the foregoing objections, Defendant requires additional time to ascertain answers to the Request for Admission No.4.

REQUEST FOR ADMISSION NO.7: Admit that you did not at any time report to Plaintiff that the services and materials described in the Time and Materials Invoices included defective workmanship and/or defective materials.

ANSWER TO REQUEST FOR ADMISSION NO.7: Objection, the request is compound and contains improper disjunctives. Objection, vague and ambiguous. *See e.g., Downey v. Trenary*, 2018 U.S.Dist.LEXIS 62003, *3-4 (W.D.Wash. 2018). Without waiving the foregoing objections, denied.

REQUEST FOR ADMISSION NO.8: Admit that you did not, at any point of time after you received the Time and Materials Invoices, inform Plaintiff that you disputed, or intended to dispute, any time and/or material charges described in the Time and Material Invoices.

ANSWER TO REQUEST FOR ADMISSION NO.8: Objection, the request is compound and contains improper disjunctives. Objection, vague and ambiguous. *See e.g., Downey v. Trenary*, 2018 U.S.Dist.LEXIS 62003, *3-4 (W.D.Wash. 2018). Without waiving the foregoing objections, denied.

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 5
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

> REQUEST FOR ADMISSION NO. 9: Admit that you did not, at any point after you received the Time and Materials Invoices, inform Plaintiff that you disputed, or intended to dispute, the late fees, accrued interest, and application of payment as set forth in the Time and Material Invoices.
>
> ANSWER TO REQUEST FOR ADMISSION NO.9: Objection, the request is compound and contains improper disjunctives. Objection, vague and ambiguous. *See e.g., Downey v. Trenary*, 2018 U.S.Dist.LEXIS 62003, *3-4 (W.D.Wash. 2018).

*See* Declaration of Svetlana Spivak, *Exhibit 1*.

It is with respect to the information and documentation supporting these denials that discovery is needed.

### III.    LEGAL ARGUMENT

A. <u>Motion for Additional Time.</u>

Fed.R.Civ.P. 6(b)(1)(A) requires Sayak to demonstrate "good cause" to extend time for Sayak to respond to Leo's motion. This is not a situation where defendant operates year-round and is attempting to excuse its tardiness by the fact that it is busy. Rather, the three months of salmon-fishing season in Bristol Bay, Alaska, are the only months that the HANNAH operates, taking on fish from catcher vessels, which is the source of making money to pay employees and contractors, such as Leo. Needless to say, these are the most stressful, demanding and involved months for Defendant, that require "all hands on deck" at all times. Plaintiff is aware of this situation from its prior dealings with Sayak, as well as Defendant's inability to respond to Plaintiff's discovery requests at this time, which the parties discussed. Good cause exists to allow Sayak additional time to respond to Plaintiff's motion.

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 6
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

B. Motion for Relief Under Fed.R.Civ.P. 56(d).

Fed.R.Civ.P. 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer considering the motion, deny the motion, allow time to obtain affidavits or declarations to take discovery, or "issue any other appropriate order." The Ninth Circuit has held that a Rule 56(d) relief "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence." *Burlington N. Santa Fe R.R.Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). Summary judgment normally should not be granted before discovery is completed. *Murrell v. Bennett*, 615 F.2d 306 (5th Cir. 1980).

Rule 56(d) requires Sayak to make "(1) a timely application which (2) specifically identifies (3) relevant information, (4) where there is some basis for believing that the information sought actually exists." *VISA Intl' Serv.Ass'n v. Blankard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

This application for Fed.R.Civ.P. 56(d) is timely and is made before the opposition to the summary judgment motion is due (August 14, 2025).

As Leo correctly points out in its Motion for Summary judgment, in an action for breach of a maritime contract Leo must prove the following elements: (1) the existence of an agreement; (2) adequate performance of the contract by plaintiff; (3) breach of the contract by defendant and (4) damages. *W. Towboat C. v. Vigor Marine, LLC*, 544

DEF SAYAK LOGISTICS, LLC' MTN FOR
ADDITIONAL TIME TO RESPOND TO MSJ
(FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 7
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

F.Supp 1100 (W.D.Wash. 2011). The second element of the plaintiff's claim – adequate performance of the contract by plaintiff - is disputed.

Plaintiff asserts that because the contract "required Sayak to provide Leo with a detailed rejection notice of any defective workmanship or materials within sixty (60) days from completion of the services.," discovery into this issue does not matter to resolving the summary judgment motion because Leo's witnesses declared they received no such notice. *See* Docket 35, p. 3. Whether 60 days is sufficient time is disputed, as some of the defects could not be ascertained until the barge was operating. Furthermore, whether the notice of issues was given (timely, detailed, or otherwise) is disputed and requires discovery. While the contract provides for a "detailed rejection notice" such was not reasonable under the circumstances – as plaintiff acknowledges "the Vessel conversion was behind schedule" and work was performed "right up to the Vessel's June 2024 departure to Alaska." Docket 35, at p. 3. Sayak awaits the return of the chief engineer Mr. Thomas Singer, to confirm the information and obtain the details necessary to formulate discovery plan. He is the one who oversaw the barge conversion process and contractors' performance during such, and is expected to have information regarding issues perceived and discussed with Leo's representatives.

Moreover, not all the work was performed under the written contract that required a 60-day notice of deficiencies. As plaintiff acknowledges, part of the work was performed based on an oral agreement (Docket 35, p.3). The terms of the agreement are not clear at this time and will be subject to discovery. No warranty waivers, limitations, or notification requirements applied with respect to this oral agreement. There is an implied warranty of workmanlike performance in every contract between a maritime

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 8
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

contractor and a shipowner. *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Coro.*, 350 U.S. 124, 133-34, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

The case is at its very inception and the discovery process has just started. Sayak did not pursue any discovery at this time. But that was not for lack of diligence – rather, it was due to the circumstances that were described above. There was no opportunity to discuss and formulate proper discovery requests and deposition questions. Indeed, Sayak is yet to fully respond to plaintiff's discovery requests for those same reasons. However, given that currently there is no deadline for completing discovery, finding that Sayak was "not diligent" in pursuing discovery to date would not be appropriate. For example, in granting 56(d) motion, this Court did not find that a party was dilatory in its discovery efforts, where although discovery was open for more than eight months, during which the party did not take any depositions or serve any interrogatories, there were another ten months left until discovery cut-off. *Valley Forge Ins. Co. v. Washington Square Hotel Holdings, LLC*., 2022 U.S.Dist.LEXIS 119956 (W.D.Wash. 2022, Judge James L. Robart); *see also TMJ Haw., Inc. v. Nippon Trust Bank*, 16 Fed.Appx. 795 (9th Cir. 2001) (reversing district court's denial of 56(d) motion and stating that it was abuse of discretion to find dilatory conduct where the amended complaint was not answered yet and nine months remained before discovery cutoff). Since discovery is open for an unknown period of time, Sayak is not dilatory in its discovery efforts.

## IV.    CONCLUSION

Sayak has acted diligently to date. Sayak should be able to have sufficient time to conduct discovery and gather evidence to support its defenses in this case. The circumstances have been such that Sayak is yet to obtain information regarding specific performance deficiencies by Leo, as well as names of the individuals with knowledge of

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 9
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

such. Sayak provided a timely request under Fed.R.C.P. 56(d) that details relevant information it expects to gather in discovery. Therefore, this motion should be granted and plaintiff's Motion for Summary Judgment should be denied as premature.

DATED this 1st day of August, 2025.

HOLMES WEDDLE & BARCOTT, P.C.

*/s/ Svetlana P. Spivak*
Svetlana P. Spivak, WSBA #30478
Michael A. Barcott, WSBA #13317
John E. Casperson, WSBA #14292
Daniel P. Barcott, WSBA #50282
3101 Western Ave, Suite 500
Seattle, WA 98121
Phone: 206.292.8008
Email: mbarcott@hwb-law.com
jcasperson@hwb-law.com
dbarcott@hwb-law.com
sspivak@hwb-law.com
Attorneys for Defendant Sayak Logistics, LLC d.b.a. Northline Seafoods

I certify that this memorandum contains 1,948 words in compliance with the Local Civil Rules.

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 10
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury of the laws of the State of Washington that, on the 1st day of August 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Attorneys for Plaintiff:
Brian C. Zuanich, WSBA #43877 - brian@zuanichlaw.com
Robert Zuanich, WSBA #9581- rpz@zuanichlaw.com
Zuanich Law PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101

_____
Holly H. Mote

DEF SAYAK LOGISTICS, LLC' MTN FOR ADDITIONAL TIME TO RESPOND TO MSJ (FRCP 6(b)) AND/OR SEEKING FRCP 56(d) - 11
Case No. 2:25-cv-00625-LK

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289