THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEO'S WELDING and FABRICATION, LLC, a Washington limited liability company<br><br>            Plaintiff,<br>    v.<br><br>HANNAH, Official Number 1067457, her machinery, engines, equipment, cargo appurtenances, *in rem* and SAYAK LOGISTICS, LLC, a Alaska limited liability company dba NORTHLINE SEAFOODS *in personam*;<br><br>            Defendants. | IN ADMIRALTY<br><br>NO. 2:25-cv-00625-LK<br><br>**PLAINTIFF LEO'S RESPONSE TO DEFENDANT SAYAK'S MOTION FOR ADDITIONAL TIME TO RESPOND FED. R. CIV. P. 56(d)** |

Plaintiff (Leo's) proposes the Court defer considering this matter for 30 days or until September 25, 2025, to allow Sayak sufficient opportunity to compile facts to oppose the summary judgement motion.

After over 18 months from when Leo's completed its contracted services to the Vessel, after regularly receiving Leo's invoices for payment of completed services, after the Vessel has operated two seasons in the Bristol Bay salmon fishery, it is astonishing

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

for Sayak to claim it needs more time to determine whether it can present a material fact to preclude summary judgment.

To obtain additional time, Sayak submits the declaration of Benjamin Blakey, who "oversees Sayak's day-to-day operations, and was intimately involved in the acquisition and conversion of the Vessel into a floating freezer plant. Blakey also directed the construction work undertaken on the Vessel to get ready for the 2025 season  (DKT. 18, ¶3]. Blakey also oversaw the 2024 conversion and was Leo's primary contact throughout the project. [Estrada Decl.¶3]. Yet he has no first-hand knowledge of any material fact regarding the alleged dispute with Sayak's largest, unsecured creditor. Instead, Blakey declares his understanding that the Vessel's director of operations, Thomas Singer, "had some issues with services provided by Leo, and that he or subordinates communicated those concerns to Leo's in some fashion." [Dkt. 38, ¶8,10].

Sayak also submits the declaration of defense counsel, Svetlana Spivak who declares that according to Sayak, Thomas Singer had most of the facts relating to Leo's "performance during the conversion" and could point her "toward documents and witnesses." [Dkt. 39, ¶6].

There is no question Rule 56(d) requires that Sayak have the opportunity to develop information or discover central facts that are essential to its opposition. *Mackey v. Pioneer Nat. Bank*, 867 F2.2d 520, 523 (9ᵗʰ Cir. 1989). To obtain Rule 56(d) assistance Sayak must explain, for specified reasons, why it cannot show essential facts to justify its opposition to the motion. To make a showing of a material fact, Rule 56(d)(2) allows Sayak time to (i) obtain affidavits or declarations or (ii) take discovery.

Affidavits and declarations are readily available to SAYAK. If Sayak wants a declaration from Thomas Singer, any other Sayak employee, or any willing third-party contractor working on the Vessel, the declarant would simply provide the facts

PLAINTIFF'S RESPNSE TO DEFENDANT'S
MOTION FOR ADDITIONAL TIME -2
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

to prepare the declaration.[1]  This would occur in the same direct fashion Blakey provided a declaration in support of Sayak's request for additional time.

Discovery under Rule 26 sets forth a pretrial process that can be used by the parties to obtain information from each other.   However, discovery for purposes of this motion is not required because all information relating to Leo's motion for summary judgment is known exclusively to Sayak and is within its control.  Only Sayak knows it had problems with the quality of Leo's workmanship, or if it provided any type of notice objecting to Leo's workmanship, or whether it objected or disputed the reasonableness of Leo's invoices.

It should also be noted that Sayak's request for additional time does not identify past steps taken by Sayak to identify or retain documentation relating to Leo's alleged defective workmanship and/or notice of the same to Leo's.

Moreover, Sayak does not identify any third-party who could provide material facts or how discovery (outside of Sayak's control) would likely lead to a material or triable fact.  Discovery is not justified when based on mere speculation or that it might uncover something.  *Stevens v Corelogic* 899 F. 3d 678 (9th Cir. 2018).

Leo's summary judgment motion [Dkt. 35]  is a straightforward application of contract law with supporting evidence that addresses each of the essential facts that would justify Sayak's opposition to the motion.  Nonetheless, if satisfied that Sayak has provided sufficient reasons why it cannot present facts essential to justify opposition to Leo's motion, this Court may (1) defer considering the motion or deny it, (2) allow Sayak time to obtain affidavits or declarations or to take discovery, or (3) issue any other appropriate order.

---

[1] There should be no dispute that the Bristol Bay salmon season is over, and the Vessel departed Bristol Bay on August 4th.

PLAINTIFF'S RESPNSE TO DEFENDANT'S
MOTION FOR ADDITIONAL TIME -3
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415

1      Leo's would propose the Court defer considering this matter for 30 days or

2  UNTIL September 25, 2025, to allow Sayak sufficient opportunity to determine if

3  essential facts exist to oppose summary judgment.

4

5                          DATED 6th day of August 2025.

6

7                          ZUANICH LAW, PLLC

8                          By: /s/ Robert. Zuanich
                           Robert Zuanich,    WSBA,   #9581
9                          Brian C. Zuanich, WSBA, #43877
                           1420 5th Avenue, Suite 2200
10                         Seattle, WA 98101
                           Phone: 206.829.84
11                         brian@zuanichlaw.com
                           rpz@zuanichlaw.com
12

13                         Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPNSE TO DEFENDANT'S
MOTION FOR ADDITIONAL TIME -4
Case No. 2:25-cv-00625-LK

ZUANICH LAW PLLC
U.S. Bank Center
1420 5th Avenue, Suite 2200
Seattle, WA 98101
Ph: 206.829.8415